UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br>Petitioner,<br>v.<br>LANCE VICENTE,<br>Respondent. | CASE NO. 2:25-cv-01976-JNW<br><br>GRANTING IN PART PETITION TO VACATE ARBITRATION AWARD |

## 1. INTRODUCTION

Petitioner Valve Corporation petitions to vacate Respondent Lance Vicente's arbitration award. Dkt. No. 1. For the reasons below, the Court GRANTS the petition IN PART and VACATES the portion of the award granting attorneys' fees and costs.

## 2. BACKGROUND

Vicente is one of thousands of consumers to bring antitrust claims against Valve in arbitration. The American Arbitration Association (AAA) assigned his case to Arbitrator Suzanne M. McSorley. In September 2024, while those arbitrations were pending, Valve amended the Steam Subscriber Agreement to remove its

arbitration provision, and sued in this Court to enjoin the pending arbitrations. *See Valve Corp. v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash. filed Oct. 18, 2024). Vicente was a named defendant in *Abbruzzese* until Valve dismissed him from that case.

The presentation of evidence in the arbitration hearing concluded on July 31, 2025. On August 9, 2025, McSorley ordered the parties to file post-hearing briefs by August 26, 2025, addressing "all issues including entitlement to attorneys' fees," but required any party seeking attorneys' fees to submit the relevant timekeeping records and billing narratives by September 5, 2025. Dkt. No. 3 at 55, 64, 70. That same order required that those records "include all services up to and including post-hearing briefing." *Id*. at 70. It said nothing about objections to a fee request—it set no deadline for them and gave no party an occasion to file them. On August 26, 2025, Valve objected to this sequence, arguing that without Vicente's fee submission "and a subsequent opportunity to respond," it could not test the hours claimed, the rates sought, or the fees sought for other arbitrations. *Id*. at 75.

McSorley extended the September 5 deadline to September 9 at Vicente's request. *Id*. at 3. On September 10, 2025, two weeks after the parties had submitted their post-hearing briefing, Vicente submitted his billing records—more than 900 time entries—in support of his fee request. *Id*. ¶¶ 15–20. Hours later, McSorley emailed the Parties closing the hearing. *Id.* at 127. A month later, McSorley found for Vicente on the merits of his antitrust claims and awarded him $66.33 in damages and $727,164.84 in attorneys' fees and costs. *Id*. at 52–66. She also

overruled Valve's objection to the timing of the post-hearing briefing and the submission of the billing records as untimely. *Id.* at 65.

Valve now petitions the Court to vacate the award. Dkt. No. 1.

## 3. LEGAL STANDARD

The Federal Arbitration Act (FAA) "enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010) (quotations omitted); *see* 9 U.S.C. §§ 10, 11. Under Section 10(a) of the FAA, a district court may only vacate an arbitration award in four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* (quoting 9 U.S.C. § 10(a)).

Unless the award is vacated or modified as permitted by the FAA, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Id.* (quotations omitted). Indeed, Section 10 of the FAA "does not sanction judicial review of the merits," nor does it allow the court to second guess whether the arbitrator's findings are adequately supported by the

record. *Id*. at 640–41 (quoting *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007)); *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) ("[F]ederal court review of arbitration awards is extremely limited."); *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) ("It is not enough to show that the arbitrator committed an error—or even a serious error.") (citation modified). The burden of establishing grounds for vacating an arbitration award is on the party seeking vacatur. *See Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1489 (9th Cir. 1991).

## 4. DISCUSSION

Valve attacks the award on three grounds: (1) that McSorley had no authority to arbitrate once Vicente accepted the amended Steam Subscriber Agreement, (2) that the award of attorneys' fees and costs violated due process, and (3) that the amount of attorneys' fees and costs awarded was arbitrary and irrational. As explained below, Valve's contract argument is better answered in *Abbruzzese*, where it is squarely presented. But the award of attorneys' fees and costs cannot stand because the process by which McSorley fixed those fees denied Valve due process. The Court does not reach Valve's remaining argument.

### 4.1 The Court declines to address whether McSorley had authority to arbitrate under the amended agreement.

Valve argues that once Vicente assented to the amended agreement, the parties had no agreement to arbitrate and McSorley lost authority to proceed. Valve briefed that argument here before the Court reached it in *Abbruzzese*. The Court

has since denied Valve a preliminary injunction in that case, finding Valve unlikely to show that the amended agreement is enforceable as applied to the defendants there. *See Valve Corp. v. Abbruzzese*, No. 2:24-CV-1717-JNW, 2026 WL 1481630, at *7–10 (W.D. Wash. May 27, 2026). That ruling, however, does not decide this petition—a finding on the likelihood of success is not a final judgment on the merits and Valve has moved to certify the order for interlocutory appeal. *See* Pltf's Mot. to Certify Order Den. Mot. for Prelim. Inj. for Interlocutory Appeal, *Valve Corp. v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash. June 10, 2026), Dkt. No. 173. But it does reflect how the Court reads the agreement Valve asks it to enforce. Which agreement controls is a question better decided in *Abbruzzese*—on a fuller record, through an interlocutory appeal or a judgment—than here.

Vicente responds that the Court may not reach Valve's arguments at all because McSorley already decided her own jurisdiction under Judge Coughenour's order in *Wolfire Games, LLC v. Valve Corp.*, No. 2:21-cv-00563-JCC, 2021 WL 4952220 (W.D. Wash. Oct. 25, 2021), and because estoppel bars Valve from attacking a forum it chose. Dkt. No. 7 at 8, 19–23. Neither objection reaches the ground the Court decides here. A delegation clause sends questions of arbitrability to the arbitrator; it does not place the arbitration that follows beyond Section 10. And estoppel holds a party to positions it has taken. Valve's position has been that these claims belonged in arbitration—not that an arbitrator may set fees on records the opposing party cannot contest.

**4.2 The award of attorneys' fees and costs violates due process.**

Section 10(a)(3) of the FAA allows a district court to vacate an arbitral award where the arbitrator has "refuse[d] to hear evidence pertinent and material to the controversy," or behaved in such a way that "the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Under either clause, the question is whether the party received a "fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016). "Section 10(a)'s limited grounds are designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

"[T]he Due Process Clause requires that opposing counsel have access to the timesheets relied on to support the fee order . . . so they can inspect them and present whatever objections they might have concerning the fairness and reasonableness of [the] fee request." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 545–46 (9th Cir. 2016). In *Yamada*, the trial court issued a multimillion-dollar fee award on the basis of ex parte, in camera submissions of attorney timesheets and billing narratives. *Id.* The trial court explained itself at length, in a "detailed, 33-page order evincing thoughtful and well-informed consideration of the submissions," and it offered a reason for withholding the records: "a more efficient use of time and resources was to review the records *in camera*," rather than produce them to the opposing party. *Id.* Neither the explanation nor the reason was enough. The Ninth Circuit held that the procedure violated the "procedural minima that the Due Process Clause requires," and remanded the issue to the district court with

instructions to allow the defendants access to the timesheets and an opportunity to object to the fees requested. *Id.* at 545–46 (quoting *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 614 (1st Cir. 1992)).

Here, the arbitrator awarded the full amount of costs and attorney's fees requested, based on Vicente's timesheets, billing narratives, and other supporting records. Unlike in *Yamada*, those submissions were not made *ex parte* and Valve was able to review them. But the Due Process Clause affords parties a "fundamental right to inspect *and challenge*," and the August 9 order left Valve no way to do the second. *Yamada*, 825 F.3d at 545 (emphasis added); *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (remanding fee award "for the sole purpose of a hearing in which [plaintiff] may challenge the reasonableness of the fees awarded."). The order called for briefing on entitlement in August and for the proof of amount in September, and it required that proof to include the work of writing the August briefs. Dkt. No. 3 at 70. Valve could not contest the amount of the fees before the evidence of that amount existed. Nor could it do so afterward. The order set no deadline for objections and described no way to make them, and the arbitrator closed the hearing hours after receiving more than 900 time entries. Valve was left with no opportunity to challenge the veracity or reasonableness of those entries. The Due Process Clause requires more.

McSorley held Valve's objection untimely. *Id.* at 65. That ruling cannot carry the weight the award places on it. Valve did object, in the post-hearing brief that was the next filing the August 9 order called for, and the award quotes that objection on the page after finding that Valve "did not object to the above ruling."

*Id.* at 64–65, 75. An objection is untimely only when it comes after the time allowed for making it. The August 9 order allowed no time for objections to a fee request because it never provided for any. Valve did not forfeit an objection by failing to file it within a period that was never set.

Vicente's arguments to the contrary are unavailing. It is correct that "arbitration is not governed by the federal courts' strict procedural and evidentiary requirements." *Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, No. 22-35645, 2023 WL 3451682, at *1 (9th Cir. May 15, 2023) (quoting *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010)). To realize arbitration's promise of a flexible and expeditious dispute resolution forum, arbitrators are not required to adhere to the federal rules of evidence or procedure. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 649 n.14 (1985) (Stevens, J., dissenting); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). But due process is not a procedural or evidentiary mechanism the arbitrator may discard at her discretion; it is a constitutional requirement that may not be abrogated even in an arbitral setting. *Cf. Yamada*, 825 F.3d at 545 (judicial efficiency may not "eclipse Defendants' fundamental [due process] right to inspect and challenge the documents.").

Accordingly, the Court finds that by denying Valve the ability to challenge the relevant timesheets and billing records, the arbitrator violated due process. On that basis, the Court vacates the portion of the award granting Vicente his attorneys' fees and costs. *See Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("A court reviewing an arbitration

award under the FAA can confirm and/or vacate the award, either in whole or in part.")

Having so found, the Court declines to address Valve's remaining argument that the attorneys' fees and costs awarded were arbitrary and irrational. Those objections go to the amount of an award that no longer stands.

## 5. CONCLUSION

For the above reasons, the Court GRANTS the petition IN PART. Dkt. No. 1. The portion of the award, Dkt. No. 3 at 52–66, granting Vicente his attorneys' fees and costs is VACATED. The petition is DENIED as to the rest of the award.

Dated this 28th day of July, 2026.

Jamal N. Whitehead
United States District Judge